UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BANKUNITED, | Case No.: 11-CV-03728-LHK |
| Plaintiff, | ORDER REMANDING UNLAWFUL DETAINER ACTION TO SANTA CLARA COUNTY SUPERIOR COURT |
| v. | |
| IRMA CARRANZA, AND DOES 1-10, INCLUSIVE | |
| Defendants. | |

Irma Carranza ("Defendant") has filed a notice of removal of her Santa Clara County Superior Court unlawful detainer action (in which she is a Defendant) to this Court. *See* ECF No. 1. BankUnited has moved to remand the case to state court claiming that this Court lacks subject matter jurisdiction. ECF Nos. 4 & 11. Pursuant to Civil Local Rule 7-1(b), the Court finds thatDefendants' motion is suitable for decision without oral argument. Accordingly, the motion hearing set for December 1, 2011 is VACATED.

In the case of a removed action, if it appears at any time before final judgment that the court lacks subject matter jurisdiction, the court must remand the action to state court. 28 U.S.C. § 1447(c). The removing defendant bears the burden of establishing that removal is proper. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or

treaties of the United States."[1]  28 U.S.C. § 1331.  A claim "arises under" federal law, if based on the "well-pleaded complaint," the plaintiff alleges a federal claim for relief.  *Vaden v. Discovery Bank*, 129 S.Ct. 1262, 1271 (2009).

A review of the original complaint filed in state court discloses no federal statutory or constitutional question.  An unlawful detainer cause of action such as the one asserted here does not raise a federal question. *See Litton Loan Servicing, L.P. v. Villegas*, 2011 U.S. Dist. LEXIS 8018, 2011 WL 204322, at * 2 (N.D. Cal. Jan. 21, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 168, 136 Cal. Rptr. 596 (1977) (remanding unlawful detainer action to state court based on lack of federal question jurisdiction); *Partners v. Gonzalez*, 2010 U.S. Dist. LEXIS 95714, at * 2-3 (N.D. Cal. Aug. 30, 2010) (same).  Moreover, it is well-settled that a case may not be removed to federal court on the basis of a federal defense.  *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).  Thus, to the extent Ms. Carranza's defenses or counterclaims to the unlawful detainer action are based on alleged violations of federal law, those allegations do not provide a basis for federal jurisdiction.

Accordingly, the unlawful detainer action is REMANDED to Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated:  November 23, 2011

_____
LUCY H. KOH
United States District Judge

---

[1] Nor has diversity jurisdiction been established.  For one, Plaintiffs' original complaint demands $10,000, less than the amount-in-controversy requirement.  Moreover, it appears as though Ms. Carranza is a citizen of California, the state in which the original action was brought, and thus removal is not proper.  28 U.S.C. § 1441(b).